IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA,
COLUMBUS DIVISION

| | |
|---|---|
| DARRYL BROWN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 4-22-cv-00117-CDL |
| CENTRAL OF GEORGIA RAILROAD COMPANY; NORFOLK SOUTHERN RAILWAY COMPANY; NORFOLK SOUTHERN CORPORATION; | ) |
| Defendants. | ) |

## SCHEDULING/DISCOVERY ORDER

The parties held a Rule 26(f) conference on October 18, 2022. In accordance with Local Rule 26 and the Court's order of September 23, 2022 (Doc. 12), the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I. Initial Case Proceedings; Dates of Filing of Pleadings**

Plaintiff, Darryl Brown, filed this action against Defendants, Central of Georgia Railroad Company, Norfolk Southern Railway Company, and Norfolk Southern Corporation, on July 25, 2022. The plaintiff claims that adverse actions were taken against him in retaliation for protected activities under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. sect. 20109. Defendants answered the complaint on September 22, 2022, and that same day also filed a Motion to Transfer this action to the Northern District of Alabama, pursuant to 28 U.S.C. sect. 1404(a), for the convenience of parties and witnesses and in the interest of justice.

**II. Counsel for the Parties**

*Designated lead counsel for Plaintiff*:

F. Tucker Burge, Sr., Esq.
Burge & Burge, P.C.
Renasant Place
2001 Park Place, Suite 1350
Birmingham, AL 35203
(205) 251-9000

J. Anderson Harp, Esq.
The Law Office of J.A. Harp, LLC
Post Office Box 2645
812 Broadway
Columbus, GA 31902
(706) 322-8004

*Designated lead counsel for Defendants*:

John M. Graham
Phelps Dunbar LLP
2001 Park Place North, Suite 700
Birmingham, AL  35203
(205) 716-5200

**III. Proposed Deadlines**

Prior to filing the instant action, Plaintiff's claim was pending before the U.S. Department of Labor, Office of Administrative Law Judges ("OALJ"). Substantial discovery was undertaken at that time, including depositions of key witnesses. Copies of those depositions were attached as exhibits to Defendants' Motion to Transfer. Regardless whether this case is transferred to the Northern District of Alabama or remains in this Court, the parties agree that only minimal further discovery is needed at this point. Accordingly, unless extended or stayed by the court, discovery will follow the deadlines set forth below. The parties recognize that issues which may arise in the

case could affect certain contemplated deadlines and that they will follow the steps outlined in Section V of this order in the event that relief from this schedule is desired.

1. Initial Disclosures (pursuant to Federal Rule of Civil Procedure 26(a))(1)): already done in OALJ proceeding, any supplementation for the current proceeding due by January 15, 2023.

2. Joinder of Additional Parties or to Amend Pleadings:  due February 15, 2023.

3. Expert Disclosures:

   a. Plaintiff must disclose the identity of any expert witness that may testify on or before February 15, 2023.

   b. Defendants must thereafter disclose the identity of any expert witnesses that may testify on or before March 15, 2023.

   c. Expert Reports: Any disclosure of an expert witness retained or specially employed to provide expert testimony in the case or one whose duties as a party's employee regularly involve giving expert testimony must be accompanied by a written report and signed by the expert in accordance with the requirements of Rule 26(a)(2)(B).

   Any disclosure of an expert witness who is not required to provide a written expert report under Rule 26(a)(2)(B) must comply with Rule 26(a)(2)(C) and disclose the identity of the witness, the subject matter on which the witness is expected to present expert testimony, and a summary of the facts and opinions to which the witness is expected to testify.

4. Discovery Deadline: The time for discovery in this case shall expire April 30, 2023.

5. Dispositive Motions: All dispositive motions must be filed no later than May 31, 2023.

6. *Daubert* Motions: Any *Daubert* motions must be filed within twenty-one (21) days after the Court's ruling on the last pending motion for summary judgment. If no summary judgment is filed by the date that dispositive motions are due (May 31, 2023), then any *Daubert* motions shall be filed within twenty-one (21) days after the due date for filing dispositive motions.

If an evidentiary hearing is necessary for the resolution of a *Daubert* motion, the party requesting the hearing shall file a written request for hearing at the time of the filing of the motion or the response to the motion.

Depositions:

In addition to the depositions that were taken while Plaintiff's claim was pending before the OALJ, Plaintiff's counsel has stated his intent to take depositions of the following additional persons:

1. Jason Kirkland, the General Manager of non-party East Alabama Railway ("EARY"), Sylacauga, Alabama, time and location of deposition yet to be determined.

2. A Rule 30(b)(6) deposition of Defendants on the subject of any comparator evidence they intend to offer, time and location of deposition yet to be determined.

Defendants' counsel do not presently intend to take any additional depositions, but reserve the right to do so during the discovery period allotted by the Court.

**IV. Estimated Cost of Discovery**

Since most if not all necessary discovery was already conducted while Plaintiff's claim was pending before the OALJ, the cost of any additional discovery should be fairly minimal. The

parties anticipate that the cost of further discovery (not counting attorneys' fees associated with same) would be less than $5,000.

**V. Other Discovery Matters**

*E-Discovery.* The parties do not believe that this case will involve significant further discovery and will not involve substantial e-discovery. The parties agree that all additional documents will be produced in pdf format unless the parties confer and agree that another format is warranted under the circumstances.

*Written Discovery.* The Court's local rules limit the parties to ten requests for production of documents and things, fifteen requests for admission, and twenty-five interrogatories. The parties believe that limit should be sufficient for any additional needed written discovery in this case.

*Discovery Disputes.* ADDED BY THE COURT: Prior to filing any motion to compel and/or motion for protective order arising from a discovery dispute, counsel for the parties shall meet "in person" and attempt in good faith to resolve the discovery dispute. If the dispute remains unresolved and a motion is filed, counsel shall certify that they met in person in good faith and were nevertheless unable to resolve the dispute. "In person" means physically present in the same room and does not include virtual or remote presence.

**VI. Certification of Counsel**

The parties certify, through the signatures of their respective counsel below, that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of this case, pursuant to Local Rule 26(a).

This the 28th day of October, 2022.

/s F. Tucker Burge, Sr.
F. Tucker Burge, Sr. (095140)
*Counsel for Plaintiff*

OF COUNSEL:

F. Tucker Burge, Jr. Esq.
BURGE & BURGE, P.C.
Renasant Place
2001 Park Place, Suite 1350
Birmingham, AL 35203

J.A. Harp, Esq. (327767)
THE LAW OFFICE OF J.A. HARP, LLC
Post Office Box 2645
812 Broadway
Columbus, GA 31902

/s John M. Graham
John M. Graham (*pro hac vice* application granted)
*Counsel for Defendants*

OF COUNSEL:

Desharné Carroll (913658)
PHELPS DUNBAR LLP
2001 Park Place North, Suite 700
Birmingham, AL  35283-0612

This the 28th day of October, 2022.

                                                S/Clay D. Land
                                      Clay D. Land
                                      United States District Judge