```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

| | |
|---|---|
| DARRYL BROWN, | * |
| Plaintiff, | * |
| vs. | * |
| CENTRAL OF GEORGIA RAILROAD COMPANY, NORFOLK SOUTHERN RAILWAY COMPANY, and NORFOLK SOUTHERN CORPORATION, | *   CASE NO. 4:22-CV-117 (CDL) * * |
| Defendants. | * |
| | * |

O R D E R

Defendants move to transfer this action to the United States District Court for the Northern District of Alabama. For the following reasons, the Court denies their motion to transfer (ECF No. 9).

To transfer an action from a plaintiff's chosen forum, a defendant must establish that the action could have been brought in the proposed transferee forum, that litigating the action in the transferee forum is more convenient for the parties and/or the witnesses, and that the transfer is in the interest of justice. 28 U.S.C. § 1404(a); *see also In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam) (describing the traditional § 1404(a) burden). Courts consider several factors in deciding whether to grant a motion to transfer, including the following:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

This present action arises from Defendants' alleged retaliation against Plaintiff, who was their employee, for engaging in protected activities under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109. These activities occurred primarily in the Northern District of Alabama where Plaintiff helped move railcars for a customer of Defendants between Sylacauga, Alabama and Birmingham, Alabama. Any documentary evidence is likely located in the Northern District of Alabama. Plaintiff resides in Fort Mitchell, Alabama, which is approximately twelve miles from the Columbus Division, Middle District of Georgia, courthouse. Fort Mitchell is in the Middle District of Alabama. Defendant Central of Georgia Railroad Company is a Georgia corporation with its principal place of business in Atlanta. It is a subsidiary of Defendant Norfolk Southern Railway Company, which is a subsidiary of Defendant Norfolk Southern Corporation. Both Norfolk Southern entities are Virginia

corporations with their principal places of business in Atlanta. Three potential witnesses arguably live closer to a Northern District of Alabama courthouse than the Columbus courthouse. Four witnesses, including Plaintiff, live closer to the Columbus Division courthouse. A dispute exists as to whether one witness lives closer to Columbus or a Northern District of Alabama courthouse. And two witnesses reside and work in the Northeastern United States. The lawyers presently representing Defendants in this action practice primarily in the Northern District of Alabama. Plaintiff's lead lawyer resides and works in the Columbus Division of the Middle District of Georgia.

No one seriously disputes that this action could have been brought in the Northern District of Alabama. But Plaintiff chose instead to file the action here, and no one seriously disputes that jurisdiction exists in this Court. The question is whether the "convenience factors" weigh sufficiently in favor of a transfer to a forum different from the one chosen by Plaintiff. The Court finds that one factor favors transfer; two weigh against transfer; and the rest are neutral.

The Northern District of Alabama is the locus of operative facts. The events giving rise to the alleged retaliation occurred there. Thus, this factor favors transfer.

Plaintiff's choice of forum weighs heavily against transfer. Courts traditionally give substantial deference to the plaintiff's

3

chosen forum, which should not be disturbed unless other considerations clearly outweigh it. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

Although Plaintiff resides in Alabama, he lives twelve miles from the Columbus Division courthouse.  He is not a resident of the Northern District of Alabama, and the Columbus courthouse is substantially closer than any Northern District of Alabama courthouse.  His lead attorney resides in closer proximity to the Columbus Division than the Northern District of Alabama.  Given the obvious disparity in the relative means of the parties, it would be substantially more burdensome to require Plaintiff to travel to the Northern District of Alabama to litigate this action than it would be to require Defendants, who have their principal places of business approximately 100 miles from the Columbus Division, to litigate this action here.  This factor weighs against transfer.

The remaining factors are neutral.  Some witnesses would likely find traveling to Columbus more convenient; others would prefer the Northern District of Alabama.  Columbus is more convenient for Plaintiff and his lead counsel.  The Northern District of Alabama is arguably more convenient for Defendants and their counsel.  Given the availability of electronic discovery, the fact that the paper copies of documents may be located in the Northern District of Alabama does not necessarily make that forum

4

more convenient. No other physical evidence has been identified that is located in the Northern District of Alabama. Both Courts are equally familiar with the applicable law. Although more witnesses appear to be subject to the Middle District of Georgia's 100 miles subpoena power than are subject to that of the Northern District of Alabama, any of the witnesses could be subpoenaed for a deposition by the appropriate Court. Thus, this factor is also neutral. Finally, the Court is convinced that the trial can be conducted justly and efficiently in either jurisdiction. Thus, these factors are neutral.

Considering the traditional factors for transfer of venue, the Court finds that Defendants have not carried their burden of disturbing Plaintiff's choice of forum. Therefore, their motion must be denied.

## CONCLUSION

Because litigating this action in the Northern District of Alabama is not more convenient for the parties or the witnesses and because a transfer is not in the interest of justice, Defendants' motion to transfer (ECF No. 9) is denied. Plaintiff's motion for a hearing (ECF No. 18) shall be terminated as moot.

IT IS SO ORDERED, this 17th day of November, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

5